791 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JEFFREY LYNN MOSELEY, Petitioner-Appellant
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 84-5670
 United States Court of Appeals, Sixth Circuit.
 4/9/86
 AFFIRMED
 
 1
 E.D.Ky.
 
 ORDER
 
 2
 BEFORE: KRUPANSKY and GUY, Circuit Judges; HOLSCHUH, District Judge.*
 
 
 3
 Moseley appeals pro se from the district court's judgment denying his motion to vacate. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Moseley pled guilty to one count of kidnapping and one count of interstate transportation of a stolen vehicle. He was sentenced to life imprisonment and five years imprisonment, to run concurrently. Six years after his sentencing, he filed the present motion to vacate. The motion and a supplement to the motion raise numerous issues concerning his guilty plea.
 
 
 5
 The two basic issues are whether his plea was knowing and voluntary, and whether he received effective assistance of counsel. Moseley argues that his plea was not knowing and voluntary because his defense counsel promised him he would receive a sentence of only 25 years imprisonment. Counsel allegedly told Moseley that the judge and the government attorney agreed to this disposition. The transcript of the guilty plea hearing shows that the district court inquired of Moseley whether anyone had made any promises to him and whether any plea bargaining negotiations had taken place. Moseley answered these questions in the negative.
 
 
 6
 In Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986), this Court held that where the district court has scrupulously followed the required guilty plea procedure, the defendant is bound by his statements in response to the court's inquiries. Id. In the present case, Moseley is bound by his statements to the court because he cannot show any extraordinary circumstances that would justify making an exception in this case. So this issue is without merit.
 
 
 7
 Concerning the issue of ineffective assistance of counsel, the Supreme Court has held that the standard is whether counsel renders reasonably effective assistance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064 (1984). The defendant must also show that defense counsel's failure prejudiced his case. Id. at 2067. In the present case, Moseley argues that defense counsel should have explored a possible defense that Moseley was only a 'back seat' participant in the kidnapping. However, it is clear that this argument would not be a defense to the charge; it would only be a mitigating circumstance regarding punishment. Moreover, the district court recited the facts of the kidnapping and Moseley's long prior record when he rendered his sentencing decision. Therefore, Moseley cannot demonstrate that prejudice flowed from any alleged ineffective assistance of counsel committed by his lawyer.
 
 
 8
 We have examined Moseley's other issues and also find them to be without merit. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable John D. Holschuh, U.S. District Judge for the Southern District of Ohio, sitting by designation